MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: REBECCA C. MARTIN (RM 0486)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2714



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,           :

            Plaintiff,          :          **JUDGE STANTON**

   - against -                                   :          COMPLAINT

ROBERT L. HARDING, DEBRA HARDING,  :          07 Civ.
OLIVER CROMWELL OWNERS, INC.,
WASHINGTON MUTUAL BANK,              :          **07 CIV 5924**
CHERI LANE BOWES, and ANDREW HARDING
                                           :
            Defendants.
------------------------------------------------------------x

      Plaintiff, United States of America, by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, herein alleges upon information and belief for its complaint as follows:

### INTRODUCTION

    1.    This is a civil action brought by plaintiff, the United States of America, on behalf of its agency the Internal Revenue Service ("IRS"), to (a) reduce to judgment assessments of the federal tax liabilities of defendants Robert L. Harding ("Robert Harding") and Debra Harding ("Debra Harding") (collectively, the "Hardings") for unpaid taxes, penalties and interest provided by law, and (b) foreclose on tax liens upon personal property owned by Robert Harding, namely 1086 shares of common stock in a cooperative apartment corporation, Oliver Cromwell

Owners, Inc. ("Oliver Cromwell"), with a proprietary lease located at 12 West 72nd Street, Apt. 3E, New York, New York (the "Apartment").

2. This action has been authorized and requested by a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States pursuant to the provisions of 26 U.S.C. §§ 7401 and 7403, as amended.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396, because the Apartment is located within the Southern District of New York.

## PARTIES

5. Defendants Robert Harding and Debra Harding are individuals whose last known address is 21 Fairmile Avenue, Cobham KT11 2JA, England. The Hardings are married. Upon information and belief, on or about January 29, 1984, Robert Harding entered into a proprietary lease with Oliver Cromwell pursuant to which defendant Robert Harding was deemed owner of 1086 shares of common stock (the "Stock") allocated to Apartment 3E of the building located at 12 West 72nd Street, New York, New York. On January 29, 1985, Oliver Cromwell issued a stock certificate naming defendant Robert Harding as the owner of the Stock.

6. Upon information and belief, on or about November 24, 1984, Robert Harding executed a general power of attorney whereby he named Andrew Harding of 12 West 72nd Street, Apt. 3E, New York, New York, to represent him to act on the purchase of the Stock and to execute any deed or sign any document required to complete the transaction.

7. On or about December 5, 1985, Andrew Harding executed a deed of trust with Dime Savings Bank of New York for $93,600.00 for the purchase of the Stock. Both Andrew and Robert Harding are listed as co-borrowers to the loan.

8. In or about 2000, defendant Washington Mutual acquired the deed of trust from Dime Savings.

9. Defendant Cheri Lane Bowes is the current occupant of the Apartment. Upon information and belief, defendant Bowes is related to Robert Harding and/or Andrew Harding.

## FIRST CLAIM FOR RELIEF

10. The allegations in paragraphs 1 through 9 are repeated and realleged as though set forth fully herein.

11. Upon information and belief, the Hardings have resided abroad since 1981 in London, England. Pursuant to IRC § 6503(c), the statute of limitation on collection after assessment is suspended while the taxpayer is outside of the United States for a continuous period of at least six (6) months. See 26 U.S.C. § 6503(c).

12. On the dates indicated in the table below, a duly authorized delegate of the Secretary of the Treasury assessed income tax liabilities against the Hardings for the tax years 1981, 1983 and 1984. By reason of the assessments, and pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose as of the dates of the assessments in favor of the United States upon all property and rights to property of the Hardings. On the dates also indicated in the table below, the IRS filed or refiled federal tax liens in New York County against both the Hardings.

| Tax Period | Date of Assessment | Amount of Assessment | Filing/Refiling of Lien |
|---|---|---|---|
| 1981 | 7/20/92 | $177,068.58 | 7/14/05 |
| 1983 | 8/10/92 | $180,019.12 | 10/13/05 |
| 1984 | 7/20/92 | $242,330.99 | 7/14/05 |

13. On June 15, 1994, the IRS received joint, self-assessed Income Tax Returns from the Hardings for the tax years 1992 and 1993 reporting tax of $16,971.00 and $19,113.00, respectively. Although the returns report estimated tax payments in amounts sufficient to pay the reported tax, IRS transcripts do not reflect estimated tax payments being made in 1992 and 1993 by either of the Hardings. As a result, on the dates indicated in the table below, a duly authorized delegate of the Secretary of the Treasury assessed income tax liabilities against the Hardings for the tax years 1992 and 1993. By reason of the assessments, and pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose as of the dates of the assessments in favor of the United States upon all property and rights to property of the Hardings. On the dates also indicated in the table below, the IRS filed or refiled federal tax liens in New York County against the Hardings.

| Tax Period | Date of Assessment | Amount of Assessment | Filing/Refiling of Lien |
|---|---|---|---|
| 1992 | 8/22/94 | $19,094.16 | 7/14/05 |
| 1993 | 8/1/94 | $19,801.20 | 7/29/05 |

14. In addition to the tax liens filed as indicated in paragraphs 12-13, the IRS filed tax liens against the Hardings in Washington, D.C.

15. On or about December 17, 1991, the IRS issued a Statutory Notice of

Deficiency, demanding payment for the tax liabilities owed for 1981, 1983 and 1984. The Hardings defaulted on that notice on April 15, 1992. On or about July 20, 1993, the IRS issued a Final Notice of Intent to Levy and Right to a Hearing under IRC § 6330 ("Final Notice") to the Hardings with respect to the tax liabilities owed for 1981, 1983 and 1984. On December 20, 2001, the IRS issued another Final Notice to collect the assessed liabilities for all five tax years at issue: 1981, 1983, 1984, 1992 and 1993. On or about May 5, 2005, the IRS issued another Final Notice of Intent to Levy to the Hardings and mailed this notice to their last known address at 21 Fairmile Avenue, Cobham KT11 2JA, England. On August 11, 2005, Letter 3174, a collection notice, was sent to the Hardings at their New York City address. On August 12, 2005, a Form 9297, Summary of Taxpayer Contact, was mailed to the Hardings at the 21 Fairmile Avenue address in Cobham, England. This form requested, inter alia, that the taxpayer provide the IRS with a completed financial statement and informed the taxpayer of imminent seizure actions if payment was not made. Also on August 12, 2005, the IRS affixed an envelope to the door of the Apartment, which envelope was addressed to the Hardings and contained a copy of the Form 9297.

    16.    On December 16, 2005, Letter 3174 (a collection notice), another copy of the Form 9297, and copies of other IRS publications were forwarded to the Hardings at the 21 Fairmile Avenue, Cobham, England address by a representative from the IRS's Tax Attache office in London. Among other things, the Form 9297 advised the Hardings that the IRS may commence a suit in federal district court to enforce its Notices of Federal Tax Liens. According to the Royal Mail website, the envelope containing these documents was delivered to the Fairmile address on December 17, 2005. The IRS has received no response from the Hardings.

With the exception of the Apartment, the IRS is not aware of any property, real or personal, that is owned by the Hardings in the United States.

17. The total amount of the liens attached to the Hardings' property, including the Apartment, was $638,314.05. Interest and penalties continue to accrue on this amount according to law, and as of June 11, 2007, the liens' total amount, including statutory penalties and interest, was 1,879,148.20.

18. Despite the statutory notice of deficiency, the notices of intent to levy and demands for payment described in paragraphs 15 and 16, the Hardings have failed to pay the assessed sums and remain liable to the United States for unpaid federal taxes, including interest and penalties, as set forth above in paragraphs 12-13 and 17.

## SECOND CLAIM FOR RELIEF

19. The allegations of paragraphs 1 through 18 hereof are repeated and realleged as though fully set forth herein.

20. The federal tax liens arising in favor of the United States attached to all property or rights to property that the Hardings owned as of the date of filing, specifically the Apartment owned by Mr. Harding. By this action the United States seeks to foreclose its tax liens against the Apartment.

21. None of the federal tax liens has been satisfied in part or in full.

22. As of June 11, 2007, the total amount of the federal tax liens attached to the Apartment, including statutory interest and penalties, was $1,879,148.20. Statutory interest and additions continue to accrue on this amount according to law.

23. On information and belief, no other person or entity other than those

named in this complaint has an interest in the Apartment.

24. No other action has been commenced at law or otherwise for the recovery of this sum or any part thereof.

WHEREFORE, plaintiff the United States demands judgment:

(a) reducing to judgment Robert Harding and Debra Harding's tax liabilities, which as of June 11, 2007 totalled $1,879,148.20, plus interest and statutory additions accruing thereon from June 11, 2007, according to law, less any payment made;

(b) declaring that Andrew Harding's interest in the Apartment, if any, is subject to valid and subsisting federal tax liens;

(c) declaring that Cheri Lane Bowes' interest in the Apartment, if any, is subject to valid and subsisting federal tax liens;

(d) declaring that Washington Mutual Bank's interest in the Apartment, absent a properly filed and pre-existing lien or mortgage, is subject to valid and subsisting federal tax liens;

(c) declaring that the defendants, and all other persons whose interest in the Apartment is subordinate to or recorded after the attachment of the Government's liens be forever barred and foreclosed from all right, title, claim, lien or other interest in the Apartment;

(d) directing the foreclosure of plaintiff's lien upon the Apartment and sale of the Apartment by the United States Marshal or his representative, pursuant to 28 U.S.C. §§ 2001 and 2004, with the proceeds to be applied to the debt due plaintiff under the federal tax liens, together with interest to the date of payment, plus costs and disbursements of this action;

(e) in the event of a deficiency in the amount collected upon the sale of the Apartment, a deficiency judgment adjudging Robert Harding and Debra Harding jointly and severally liable for the amount thereof;

(f) directing that any current occupant of the Apartment vacate it on or before the date of foreclosure upon the liens; and

(g) granting the United States its costs, disbursements, and such further relief against defendants as the Court may deem just and proper.

Dated: New York, New York
       June 2/, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

By: /s/ Rebecca C. Martin
REBECCA C. MARTIN (RM 0486)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2714