HERRICK, FEINSTEIN LLP  
John P. Sheridan  
2 Park Avenue  
New York, NY 10016  
Telephone: (212) 592-1400  
Facsimile: (212) 592-1500  

Electronically Filed

Attorneys for Oliver Cromwell Owners, Inc.

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  

UNITED STATES OF AMERICA,  :  
                    Plaintiff,  :  No 07 Civ. 5924 (LLS)  

- against -  :  **ANSWER**  

ROBERT L. HARDING, DEBRA HARDING,  :  
OLIVER CROMWELL OWNERS, INC.,  :  
WASHINGTON MUTUAL BANK, CHERI LANE :  
BOWES, and ANDREW HARDING,  :  
                    Defendants.  :  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  

Defendant Oliver Cromwell Owners, Inc. ("Oliver Cromwell") by its attorney Herrick, Feinstein LLP for its answer to the complaint, alleges as follows:

### INTRODUCTION

1. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 4 of the Complaint.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 5 of the complaint except admits that

   a) Robert Harding entered into a proprietary lease with Oliver Cromwell on or about January 29, 1985.

   b) Robert Harding was issued 1086 shares of stock of Oliver Cromwell attributed to apt. 3E in the building known and located at 12 West 72nd St., New York, New York; and

   c) Oliver Cromwell issued a stock certificate to Robert Harding naming him owner o the Stock.

6. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 6 of the Complaint except admits that Andrew Harding represented Robert Harding as attorney in fact in connection with the closing of the subject transaction.

7. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 9 of the Complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF

10. Repeats and realleges each of its R&R answers to paragraph 1 through 9 above.

11. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 1 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 18 of the Complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF

19. Repeats and realleges each of its R&R answers to paragraph 10 through 18 above.

20. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 24 of the Complaint.

## FIRST DEFENSE

25. The Complaint fails to state a claim against Oliver Cromwell upon which relief can be granted.

## SECOND DEFENSE

26.     Plaintiff's remedy, if any, against Oliver Cromwell lies in the judgment enforcement procedures established under New York State Law.

Dated: New York, New York
       December 14, 2007

*/s/ John P. Sheridan*
John P. Sheridan
jsheridan@herrick.com
HERRICK, FEINSTEIN LLP
Attorneys for Defendant
Oliver Cromwell Owners, Inc.
2 Park Avenue
New York, NY  10016
(212) 592-1400

TO:     MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for the United States of America
        Attn: Rebecca C. Martin (RM 0486)
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, NY  10007
        (212) 637-2714