**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**500 Pearl Street, New York, NY 10007**

_____

United States of America,                                    Case no. 1:07-cv-05924-LLS
                    Plaintiff,

*Versus*                                                          **AMENDED ANSWER**

Robert L. Harding, Debra Harding,
Oliver Cromwell Owners, Inc.,
Washington Mutual Bank,
Cheri Lane Bowes, and Andrew Harding
                    Defendants

_____

Plaintiffs, Robert L. Harding and Debra Harding, by their attorney, M. Bradford Randolph, hereby answer the plaintiff's complaint, with this pleading being an amendment and restatement of the prior answer filed by Robert L. Harding.  The first 24 numbered paragraphs correspond to the numbered paragraphs in the plaintiff's complaint.

1.  Information item only; no comment.

2.  The Hardings do not have sufficient information to confirm or deny this assertion.

3.  Agreed.

4.  With regard to 28 U.S.C. Section 1391(b), agreed.  With regard to 28 U.S.C. 1396, disagree.

5.  Agreed, except that the January 29, 1985 date of the issuance of the stock certificate may be approximate.

6.  Agreed.

7.  Agreed.

8.  Agreed.

1

9.  Agreed, except that related to Andrew Harding.

10. No response needed.

11. Robert L. Harding ("**Robert Harding**") moved to England on or about November 1982. Robert Harding and Debra Harding were married in May 1983 (collectively, the "**Hardings**"), at which point Debra Harding moved from the United States to England.   Based on information and belief, Robert Harding and/or Debra Harding traveled to the United States numerous times in the period since the taxes, penalties and interest ("**Taxes**") were assessed, which trips may negate all or part of the tolling of the statute of limitations pursuant to IRC Section 6503(c).

12. The IRS transcripts for 1981, 1983 and 1984 seem to show that Taxes for all three years were assessed on August 17, 1987.   The IRS transcripts do not seem to show the filing/refiling lien dates of 7/14/05, 10/13/05 and 7/14/05, respectively.  The Hardings deny the accuracy of the 1981, 1983 and 1984 assessments.  Based on information and belief, no, or nil, tax is due for 1981, 1983 and 1984.  Based on information and belief, the Hardings claim a reasonable basis to abate any penalties for one or more of the years at issue.  Based on information and belief, it is denied that any Taxes have been assessed against Debra Harding.

The IRS transcripts for the years at issue in this case appear to show only self-assessed taxes, penalties and related lien or levy information.  Income taxes determined pursuant to the substitute for return program for 1981, 1983 and 1984 are not shown.  Wage and other income information for all years at issue in this case, including associated withholding or

estimated taxes are not shown.  The assessments shown in the complaint are a combination of taxes, penalties, interest and costs and various tax payments or credits.

13. The IRS transcripts do not show the filing/refiling lien dates for 1992 and 1993 of 7/14/05 and 7/29/05, respectively.  The assessments shown in the complaint are a combination of taxes, penalties, interest and costs and various tax payments or credits.  Based on information and belief, the payments section of the 1992 and 1993 returns may reflect payments made by the Hardings, a portion of which may be allowable.

14. The Hardings do not have sufficient information to confirm or deny this assertion.

15. Based on information and belief, the Hardings do not recall the specific notices and other papers indicated, and do not recall if each of the papers indicated was received.

16. The Hardings neither confirm nor deny the receipt of IRS papers referred to in this paragraph.

17. The Hardings dispute the amounts stated based on the other answers provided in this pleading.

18. Denied based on the other answers provided in this pleading, except that various tax payments for the years at issue are reflected in the IRS transcripts.

19. No response needed.

20. The Hardings contest the plaintiff's right to foreclose based on the other answers provided in this pleading, including, in particular, the right to proceed against any property of Debra Harding in that she may be entitled to innocent spouse relief, to the extent any Taxes are owed.

21. The IRS transcripts for the years at issue show numerous payments or credits to the account

of the Hardings.

22. The Hardings do not have sufficient information to confirm or deny this assertion.

23. Agreed.

24. The Hardings are not aware of any other action at law or otherwise having been

commenced.

**WHEREFORE**, Plaintiffs ask the Court to enter judgment as follows:

A.   The collection of Taxes by the plaintiffs shall be limited to the amounts shown to be due in

this action;

B.   The person(s) against whom Taxes may be collected is limited to person(s) shown to be

liable therefor.

Respectfully submitted:


/s/ M. Bradford Randolph

_____
M. Bradford Randolph
*Attorney for Robert Harding and Debra Harding*

Dated: February 21, 2008

M. Bradford Randolph, Esq., PLLC
Rockefeller Center
1230 Avenue of the Americas, 7th Floor
New York, NY 10020

Telephone: (212) 759-0097
Fax: (212) 759-0087